IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

AMIN MOHAMMAD,

        Petitioner,

v.                                    Civil Action No. 2:10cv22
                                      (Judge Maxwell)

JOEL ZEIGLER, Warden,

        Respondent.

## REPORT AND RECOMMENDATION

### I. Procedural History

The *pro se* petitioner initiated this action on February 19, 2010, by filing a petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. After the petitioner paid the required $5.00 filing fee, the Court directed the respondent to show cause why the petition should not be granted.

On March 24, 2010, the respondent filed a Response to Show Cause Order and Motion to Dismiss or, in the Alternative, Motion for Summary Judgment. Because the petitioner is proceeding without counsel, the Court subsequently issued a Roseboro Notice. The petitioner filed a response in opposition to the respondent's motion on April 19, 2010.

This matter is before the undersigned for a Report and Recommendation pursuant to LR PL P § 83.01, et seq.

### II. Contentions of the Parties

**A. The Petition**

In the petition, the petitioner asserts that he is an inmate at the Federal Correctional Institution in Morgantown, West Virginia. He further asserts that his projected release date is June

17, 2010, including thirty (30) days of RRC (Residential Release Center) placement. The petitioner was first recommended for RRC placement in June of 2009. After he received a copy of the recommendation, the petitioner noticed that the information used to determine his placement date was incorrect, and that his Unit Team did not consider other relevant factors in making its placement decision.

For instance, the petitioner asserts that Section 11 of the BP-210 form (RRC Placement Recommendation Form) states that there is no indication of a history of substance abuse. However, the petitioner asserts that his amended PSI confirms that the petitioner does have a history of substance abuse problems and treatment prior to his incarceration. In addition, in Section 12 of the BP-210 form, it states that the petitioner has an established residence and community ties. Nonetheless, the petitioner asserts that his PSI notes that he had an unstable family and marriage life and that the petitioner and his wife sought marriage counseling prior to his incarceration. The PSI also reflects that the petitioner's home was facing foreclosure.

Also in Section 12, the petitioner asserts that the form states he has secured employment upon his release. The petitioner contends this information is incorrect. He had attempted to secure employment upon his release and had advised staff that he had received a conditional offer of employment. Nevertheless, the petitioner could not meet the conditions of the employment offer because of his incarceration, therefore he has not secured employment.

Again in Section 12, the petitioner asserts that the form states that because he received a relatively short sentence, he should not need as much time to transition back into society. The petitioner asserts that the length of his sentence is not a factor that should be used to determine his RRC placement. Instead, the petitioner asserts that his Unit Team should have focused on his

individual needs for transitional services and programs.

The petitioner asserts that by utilizing incorrect information and not considering other relevant factors, his RRC placement time was substantially reduced, thereby reducing the likelihood of his successful reintegration back into society. Moreover, the petitioner alleges that staff had all of this information available to them to make a proper and complete RRC recommendation, yet they failed to consider it. Additionally, the petitioner asserts that he brought these inaccuracies to the BOP's attention in his administrative appeals, but the information was still not considered. Thus, the petitioner asserts that staff abused their discretion by ignoring the most current and correct information that was readily available and by refusing to consider the information even after the petitioner brought to their attention that the information they relied on to make his RRC placement recommendation was incorrect.

As relief, the petitioner seeks an order directing the BOP to reconsider his RRC placement using the most current and accurate information, as well as to consider other relevant factors that were not previously considered. He further asks the Court to adjust his RRC placement recommendation range to the maximum allowed to give him the greatest likelihood of successful reintegration.

**B.   The Respondent's Response and Motion**

In the response and motion, the respondent asserts that this case should be dismissed, or judgment granted in his favor, for the following reasons:

(1) Pursuant to 18 U.S.C. § 3625, the Bureau of Prisons decision regarding petitioners' Residential Re-entry Center placement is not subject to judicial review; and

(2) The Complaint is moot because the petitioner has received the only relief to which he is

individual needs for transitional services and programs.

The petitioner asserts that by utilizing incorrect information and not considering other relevant factors, his RRC placement time was substantially reduced, thereby reducing the likelihood of his successful reintegration back into society. Moreover, the petitioner alleges that staff had all of this information available to them to make a proper and complete RRC recommendation, yet they failed to consider it. Additionally, the petitioner asserts that he brought these inaccuracies to the BOP's attention in his administrative appeals, but the information was still not considered. Thus, the petitioner asserts that staff abused their discretion by ignoring the most current and correct information that was readily available and by refusing to consider the information even after the petitioner brought to their attention that the information they relied on to make his RRC placement recommendation was incorrect.

As relief, the petitioner seeks an order directing the BOP to reconsider his RRC placement using the most current and accurate information, as well as to consider other relevant factors that were not previously considered. He further asks the Court to adjust his RRC placement recommendation range to the maximum allowed to give him the greatest likelihood of successful reintegration.

**B.   The Respondent's Response and Motion**

In the response and motion, the respondent asserts that this case should be dismissed, or judgment granted in his favor, for the following reasons:

(1) Pursuant to 18 U.S.C. § 3625, the Bureau of Prisons decision regarding petitioners' Residential Re-entry Center placement is not subject to judicial review; and

(2) The Complaint is moot because the petitioner has received the only relief to which he is

entitled – consideration of his halfway house placement in accordance with the factors delineated in 18 U.S.C. § 3621(b).

**C.  The Petitioner's Response**

In his response, the petitioner first asserts that the respondent has misinterpreted his claim. Specifically, he asserts that his petition does not challenge the amount of time he has been recommended for RRC placement. Instead, the petitioner asserts that he challenges the information and manner in which the BOP made that determination. He asserts that the BOP did not use the most current or accurate information and refused to reconsider his placement when he brought such failures to its attention. The petitioner asserts that this is an abuse of the BOP's discretion and a violation of his constitutional rights, presumably, his procedural due process rights.

Second, the petitioner asserts that the BOP failed to consider other relevant information. He cites 42 U.S.C. § 17541(1)(G), which he claims the BOP must consider in making RRC placement decisions. The petitioner asserts that using incorrect and incomplete information to make his RRC placement recommendation goes beyond the scope of discretion granted by Congress. Thus, he asserts that he is entitled to a proper RRC placement determination.

Additionally, the petitioner disputes several of the contentions made in the respondent's motion with regard to the factors considered in his RRC placement recommendation. For example, the petitioner asserts that although the BOP contends that he has received substantial amounts of money during his incarceration, he has in fact only received money from one source and only to acquire normal personal items authorized by the BOP. Next, the petitioner asserts that although the BOP contends that it verified his offer of employment, the BOP does not mention the conditions surrounding that offer, or that the petitioner was unable to meet those conditions. In addition, he

4

asserts that the BOP's contention that he is listed as a public contact on ECT's website is irrelevant. The petitioner asserts that prior to his incarceration, he was employed by ECT and was responsible for establishing the company's internet site. Thus, he is listed on that site as a contact. However, since his incarceration, the petitioner has not been employed by the company and remains a contact on the website merely because it has not been updated. Third, the petitioner disputes the BOP's contention that he will have no difficulty finding employment because he is an owner of a fuel supply company called Three-M. According to the petitioner, had the BOP conducted a proper review, it would have discovered that Three-M was foreclosed on and sold at a public auction. Thus, the petitioner has no employment options with respect to that company. Finally, the petitioner asserts that the BOP failed to even consider his Skills Development Program accomplishments as required under 42 U.S.C. § 17541.

Attached to the petitioner's response are several exhibits in support of his claims. Among those are:

> (1) portions of his amended PSR which indicate a history of substance abuse and treatment, marital strife and extensive debt which lead to business failures and home foreclosure;
>
> (2) affidavits of various individuals attesting to the petitioner's substance abuse, marital strife and financial problems;
>
> (3) a printout of the deposits received into his inmate account since his incarceration;
>
> (4) letters offering the petitioner conditional employment with Environmental Compliance Technologies;
>
> (5) affidavits which indicate that petitioner's company, Three-M Energy, is in foreclosure; and

(6) what appear to be certificates related to the petitioner's completion of various programs while in BOP custody.

The petitioner asserts that all of this information was available to the BOP at the time it made his RRC placement determination, or during his appeals of that decision, and were not considered by the BOP. Therefore, the petitioner asserts that his claim is not moot because he has not received *proper* consideration of his RRC placement under 18 U.S.C. § 3621(b).

### III. Standards of Review

**A. Motion to Dismiss**

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir.1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir.1993); see also Martin, 980 F.2d at 952.

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Courts long have cited the "rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [a] claim which would entitle him to relief." Conley, 355 U.S. at 45-46. In Twombly, the United States Supreme Court noted that a complaint

6

need not assert "detailed factual allegations," but "must contain more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Conley, 550 U.S. at 555 (citations omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," id. (citations omitted), to one that is "plausible on its face," id. at 570, rather than merely "conceivable." Id. Therefore, in order for a complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E. I. DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir.2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir.2002); Iodice v. United States, 289 F.3d 279, 281 (4th Cir.2002)). In so doing, the complaint must meet a "plausibility" standard, adopted by the Supreme Court in Ashcroft v. Iqbal, where it held that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). Thus, a well-pleaded complaint must offer more than "a sheer possibility that a defendant has acted unlawfully" in order to meet the plausibility standard and survive dismissal for failure to state a claim. Id.

**B.  Motion for Summary Judgment**

Under the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admission on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). In applying the standard for summary judgment, the Court must review all the evidence "in the light most favorable to the nonmoving party." Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). The Court must avoid weighing the evidence or determining the truth and limit its inquiry solely to a determination of

whether genuine issues of triable fact exist. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

In Celotex, the Supreme Court held that the moving party bears the initial burden of informing the Court of the basis for the motion and of establishing the nonexistence of genuine issues of fact. Celotex at 323. Once "the moving party has carried its burden under Rule 56, the opponent must do more than simply show that there is some metaphysical doubt as to material facts." Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). The nonmoving party must present specific facts showing the existence of a genuine issue for trial. Id. This means that the "party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [the] pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Anderson at 256. The "mere existence of a scintilla of evidence" favoring the non-moving party will not prevent the entry of summary judgment. Id. at 248. Summary judgment is proper only "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." Matsushita, at 587 (citation omitted).

### IV. Historical Background

Prior to December 2002, the BOP had a policy of placing prisoners in an RRC (formerly Community Corrections Center or CCC) for up to six months, regardless of the total length of the inmate's sentence. See BOP Program Statement 7310.04. However on December 13, 2002, the Office of Legal Counsel for the Department of Justice issued a memorandum stating that this practice was inconsistent with 28 U.S.C. § 3624(c) which, in its opinion limited an inmate's placement in a CCC to the lessor of six months or ten percent of the inmate's sentence. Section 3624(c) provides as follows:

8

> The Bureau of Prisons shall, to the extent practicable, assure that a prisoner serving a term of imprisonment spends a reasonable part, not to exceed six months, of the last 10 per centum of the term to be served under conditions that will afford the prisoner a reasonable opportunity to adjust to and prepare for the prisoner's re-entry into the community. The authority provided by this subsection may be used to place a prisoner in home confinement. The United States Probation System shall, to the extent practicable, offer assistance to a prisoner during such pre-release custody.

The BOP adopted the Office of Legal Counsel's interpretation of the statute, and numerous habeas petitions challenging the December 2002 Policy were filed. The First and Eighth Circuits, as well as many district courts,[1] found the policy contrary to the plain meaning of 18 U.S.C. § 3621(b) which states:

> The Bureau shall designate the place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable, considering -
>
> (1) the resources of the facility contemplated;
>
> (2) the nature and circumstances of the offense;
>
> (3) the history and characteristics of the prisoner;
>
> (4) any statement by the court that imposed the sentence -
>
> (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
>
> (B) recommending a type of penal or correctional facility as appropriate; and

---

[1] See Goldings v. Winn, 383 F.3d 17 (1st Cir. 2004); Elwood v. Jeter, 386 F.3d 842 (8th Cir. 2004); Cato V. Menifee, 2003 WL 22725524 at *4 (S.D.N.Y. Nov. 20, 2003 (collecting cases).

(5) any pertinent policy statement issued by the Sentencing Commission
pursuant to section 994(a)(2) of title 28.

In response to those decisions, the BOP created new regulations in 2005 governing the placement of inmates in RRCs. These regulations state that the BOP was engaging in a "categorical exercise of discretion" and choosing to "designate inmates to [CCC] confinement . . . during the last ten percent of the prison sentence being served not to exceed six months." 28 C.F.R. § 570.20-21. The new regulation expressly prohibits placement of prisoners in RRCs prior to the pre-release phase of imprisonment and provides:

> When will the **Bureau designate** inmates to **community** confinement?
>
> (a) The Bureau will designate inmates to community confinement only as part of pre-release custody and programming, during the **last ten percent** of the **prison sentence** being **served**, not to exceed six months.
>
> (b) We may exceed the time-frames only when specific Bureau programs allow greater periods of community confinement, as provided by separate statutory authority (for example, residential substance abuse treatment program . . . or shock incarceration program) . . .

28 C.F.R. § 570.21. (Emphasis added). This 10% limitation was challenged and most circuit courts found the regulation unlawful.[2] Specifically, those courts found that the governing statute, 18 U.S.C. § 3621(b), "lists five factors that the BOP must consider in making placement and transfer determinations. The 2005 regulations, which categorically limit the amount of time an inmate may be placed in a Community Corrections Center ("CCC"), do not allow the BOP to consider these factors in full." Woodall v. Federal Bureau of Prisons, 432 F.3d at 237. More specifically, the Third

---

[2] See Wedelstedt v. Wiley, 477 F.3d 1160 (10th Cir. 2007); Levine v. Apker, 455 F.3d 71, 85-87 (2d Cir. 2006); Fults v. Sanders, 442 F.3d 1088, 1092 (8th Cir. 2006); Woodall v. Federal Bureau of Prisons, 432 F.3d 235 (3d Cir. 2005).

Circuit noted:

> [t]he regulations do not allow the BOP to consider the nature and circumstances of an inmate's offense, his or her history and pertinent characteristics, or most importantly, any statement by the sentencing court concerning a placement recommendation and the purposes for the sentence. And yet, according to the text and history of § 3621, these factors must be taken into account. The regulations are invalid because the BOP may not categorically remove its ability to consider the explicit factors set forth by Congress in § 3621(b) for making placement and transfer determinations.

Id. at 244.

Since then, Congress has passed the Second Chance Act (April 2008), which expands the maximum amount of time an inmate may reside in an RRC to 12 months. Moreover, the Act eliminates the 10% restriction on an inmate's time in the RRC.

### V. **Analysis**

It is clear that RRC placement is a discretionary decision which Congress had determined is best left to the expertise of the BOP. Nonetheless, it is equally as clear that there are certain factors that the BOP must consider in making those decisions. It follows that failing to consider all pertinent information and/or the most accurate and complete information could be an abuse of the BOP's discretion and a violation of an inmate's procedural due process rights in particular circumstances.

In this case, the petitioner contends that the BOP failed to consider all pertinent information and relied on inaccurate information in making his RRC placement determination. Moreover, he alleges that even after raising this issue with BOP, that the BOP has failed to consider all of the new and pertinent information. Instead of addressing this issue, the respondent seeks the dismissal of this case on the grounds that the Court does not have the authority to review the BOP's substantive placement decision of 30-60 days and because he believes the issue is moot given that the petitioner

11

has already received review under § 3621(b). However, the Court agrees with the petitioner that these claims do not appropriately reflect the grounds raised in the petition. The petitioner does not challenge the BOP's substantive decision, but rather, challenges the process used to make that decision. In addition, if the BOP did not use the proper process in making his RRC placement decision, then the issue is not moot because the petitioner never received a proper review under § 3621(b) in the first place.

The Court acknowledges that the BOP contends that it subsequently did consider the new information and that the new information made no difference in its initial opinion. Resp't Ex. 1 at ¶ 11. Nevertheless, without identifying what new information was considered and why it makes no difference in the petitioner's placement recommendation, the respondent's statement is merely conclusory and self-serving. The petitioner has provided evidence which appears to refute nearly every reason the BOP has given to justify limiting his placement time to 30-60 days. Thus, it seems appropriate then, that the BOP should at least, on some fundamental level, explain why this new information has no effect on its decision. Rather than do so, however, the BOP seeks the dismissal of this case on grounds that are not germane to the issue raised in the petition. Accordingly, the undersigned believes that the respondent's motion should be denied as it is unresponsive to the issue raised in the petition. Moreover, the record, as it now stands, shows that the petitioner received a review under § 3621(b), but not whether he received a proper review. Thus, the undersigned believes that the respondent should be given the opportunity to file a supplemental response directly addressing the petitioner's claim as identified in this Order.

## VI. Recommendation

For the reasons stated, the undersigned recommends that the respondent's Motion to

Dismiss or, in the Alternative, Motion for Summary Judgment (dckt. 9) be **DENIED without prejudice,** and that the respondent be directed to file a supplemental response addressing the petitioner's claim that the BOP abused its discretion and violated his procedural due process rights when it failed to properly consider all current and relevant information when assessing his RRC placement.

Within **fourteen (14) days** after being served with a copy of this Report and Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Robert E. Maxwell, United States District Judge. Failure to timely file objections to the recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket, and to counsel of record via electronic means.

DATED: April 23, 2010.

_____
DAVID J. JOEL
UNITED STATES MAGISTRATE JUDGE