# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**AMIN MOHAMMAD,**

        **Petitioner,**

**v.**　　　　　　　　　　　　　　　　　　　　　**Civil Action No. 2:10cv22**
　　　　　　　　　　　　　　　　　　　　　　　　**(Judge Maxwell)**

**JOEL ZIEGLER, Warden,**

        **Respondent.**

## REPORT AND RECOMMENDATION

The *pro se* petitioner initiated this § 2241 habeas corpus petition on February 19, 2010. (Dckt. 1). In the petition, the petitioner asserts that the Bureau of Prisons ("BOP") used inaccurate or incomplete information to determine his RRC (Residential Reentry Center) placement date. He also contends that the BOP failed to consider other relevant factors in making that decision. As relief, the petitioner requests the Court to direct the BOP to re-evaluate his RRC placement date using the most current and correct information, as well as, adding the other relevant factors to the decision-making process. The petitioner also requests the Court to order the BOP to adjust his RRC placement date to the amount which gives him the greatest likelihood of successful re-integration into society.

After payment of the required filing fee (dckt. 4), the respondent was directed to show cause why the petition should not be granted. (Dckt. 5). On March 24, 2010, the respondent filed a Motion to Dismiss, or in the Alternative, for Summary Judgment and Response to Order to Show Cause. (Dckt. 9). The motion was accompanied by a Memorandum in Support. (Dckt. 10).

Because the petitioner is proceeding without counsel in this case, the Court issued a Roseboro Notice on March 25, 2010. (Dckt. 11). On April 19, 2010, the petitioner filed a Response to Motion to Dismiss (dckt. 14) and a Response to Summary Judgment (dckt. 15).

On April 23, 2010, the undersigned issued a Report and Recommendation ("R&R") on the respondent's motion. (Dckt. 19). In the R&R, the undersigned found that although RRC placement decisions are within the discretion of the BOP, there are certain factors that must be considered in making those decisions. Moreover, the undersigned noted that the failure to consider all pertinent information or the most accurate and complete information could be an abuse of that discretion and violate an inmate's procedural due process rights. The R&R further noted that although the BOP contends that it has considered all of the "new" information raised in the petition, the BOP never identifies why it makes no difference to the petitioner's original placement recommendation. Instead, the BOP seeks dismissal of the case on grounds not germane to the core issue presented in the petition. Thus, the undersigned found that the Court could not, at that time, determine whether the petitioner received proper review of his RRC placement date under 18 U.S.C. § 3621. Accordingly, the undersigned recommended that the respondent's motion be denied without prejudice and that he be directed to file a supplemental response.

On April 29, 2010, the respondent filed a Motion for Leave to File Supplemental Response. (Dckt. 21). In the motion, the respondent requested that the Court authorize its supplemental response and hold all other matters in abeyance pending a judicial review of the supplemental response. That motion was granted by the Honorable Robert E. Maxwell, United States District Judge, on April 30, 2010 (dckt. 22), and the respondent's Supplemental Response was filed on May 10, 2010 (dckt. 27). The petitioner filed his reply on May 18, 2010. (Dckt. 29).

On June 2, 2010, the petitioner filed a Motion to Expedite these proceedings (dckt. 33) and

a Motion for Preliminary Injunction (dckt. 34). In the motion to expedite, the petitioner contends that he is limited in his relief by the time left on his sentence and that it would be in the interests of justice to expedite this matter. In his motion for injunctive relief, the petitioner asserts that there is a reasonable likelihood that he will prevail on the merits of his claim and that he is under a substantial threat of irreparable harm if an injunction does not issue. Specifically, the petitioner asserts that he is harmed by "being denied the opportunity to properly participate in the valuable transitional services offered at the RRC prior to his release." Dckt. 34 at 4.

On June 18, 2010, the respondent filed a "Second Supplemental Response to Memorandum in Support of Motion to Dismiss and Response to Show Cause Order." (Dckt. 37). In his Second Supplement, the respondent asserts that the petitioner was released to an RRC on June 17, 2010. The respondent therefore contends that the petition is now moot and requests dismissal of this case for that reason. The petitioner has not filed a reply to the respondent's Second Supplement.

Article III of the United States Constitution, limits the jurisdiction of the federal courts to cases or controversies. Therefore, a case becomes moot when there is no viable legal issue left to resolve. See Powell v. McCormick, 395 U.S. 486, 496 (1969). If developments occur during the course of a case which render the Court unable to grant a party the relief requested, the case must be dismissed as moot. Blanciak v. Allegheny Ludlum Co., 77 F.3d 690, 698-699 (3d Cir. 1996).

In his petition, the petitioner challenges the procedure used by the BOP to determine his RRC placement date. The petitioner requests the Court to order the BOP to re-evaluate that decision and allow him more time in an RRC. However, even if the Court were to find that the BOP did not properly review the petitioner's RRC placement date under 18 U.S.C. § 3621 initially, the only relief the Court could order is a re-evaluation. As evidenced by the respondent's memorandum in support of his supplemental response (dckt. 25), such re-evaluation has already occurred and the BOP has

determined that, even considering the "new" information, no change to the petitioner's placement date is warranted. Pursuant to 18 U.S.C. § 3625, this Court cannot review that substantive decision.

In addition, the relief the petitioner ultimately seeks in this case is more time in an RRC. Nonetheless, given that the petitioner has now been released from incarceration,[1] this Court cannot afford the petitioner the relief sought and this case is now moot.[2]

For the reasons stated, the undersigned **VACATES** the April 23, 2010, Report and Recommendation (dckt. 19) and recommends that the respondent's Motion to Dismiss (dckt. 9) be **GRANTED** based on the request for dismissal found in his Second Supplemental Response to Memorandum in Support of Motion to Dismiss (dckt. 37). In light of this finding, it is further recommended that the petitioner's Motion to Expedite (dckt. 33) and Motion for Preliminary Injunction (dckt. 34) be **DENIED as moot**.

Within **fourteen (14) days** after being served with a copy of this Report and Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the recommendation to which objections are made, and the basis for such objections. A copy of such objections shall also be submitted to the Honorable Robert E. Maxwell, United States District Judge. The failure to timely file objections to the recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins,

---

[1] According to the inmate locator on the BOP's website (www.bop.gov), the petitioner was released from incarceration on July 16, 2010.

[2] The undersigned notes that there are exceptions to the mootness doctrine such as where a case may involve collateral consequences providing a continued significant stake in the outcome, or where a case is capable of repetition but evading review. See Nakell v. Attorney General of North Carolina, 15 F.3d 319, 322 (4th Cir. 1994). However, neither of these exceptions apply in this case.

766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket, and to counsel of record via electronic means.

DATED: July 21, 2010.

/s/ David J. Joel
DAVID J. JOEL
UNITED STATES MAGISTRATE JUDGE